# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY B. THOMAS, | CASE NO. 1:09-CV-01593-DLB PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO FILE FIRST AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| WARDEN ANDREWS, et al., | (DOC. 1) |
| Defendants. | |

**Screening Order**

**I.     Background**

Plaintiff Rodney B. Thomas ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), which provides a remedy for civil rights violations by federal actors. Plaintiff initiated this action on July 13, 2009, by filing his complaint in the Northern District of California. The action was transferred to the Eastern District of California on September 9, 2009.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

1

that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*

**II.     Summary of Complaint**

Plaintiff was previously incarcerated at Taft Correctional Institution ("TCI") in Taft, California, where the events giving rise to this action occurred.  Plaintiff names as Defendants Warden Andrews, Warden Neil H. Alder, Warden Jeff Wringley, Assistant Warden Wofford, Clinical Director Rucker, Health Service Administrator Laurie Watts, Medical Doctor Ndukwe N. Odeluga, John and Jane Does 8-15, and TCI.[1]

Plaintiff alleges that Defendants violated Plaintiff's First, Sixth, Eighth, and Fourteenth Amendment rights.  Plaintiff contends that he was incarcerated at TCI on or about August 25, 2006 until January 15, 2008.  Plaintiff contends that he had difficulty receiving needed medications in a timely manner.  Plaintiff contends that he endured a thirty day period in which he only received a portion of his medication, resulting in his eyes hemmorhaging. Plaintiff alleges that he was not assigned a companion to assist him with mobility and assistance.  Plaintiff

---

[1] Plaintiff sues Defendants in both their individual and official capacities.  Suits against federal actors in their official capacities are the equivalent of suits against the United States.  A *Bivens* action will not lie against the United States, its agencies, or federal agents in their official capacity.  *FDIC v. Meyer*, 510 U.S. 471, 486 (1994).
    The Federal Bureau of Prisons, an agency of the United States, operates TCI.  Accordingly, a *Bivens* action will not lie against TCI.

2

alleges that he was not provided with special diabetic meals and exercise programs during his stay at TCI. Plaintiff alleges negligence.[2] Plaintiff seeks monetary damages.

### III. Analysis

#### A. First Amendment

The First Amendment protects, *inter alia*, freedom of speech and free exercise of religion. U.S. Const. amend. I. It is unclear what First Amendment right is at issue in this action. Accordingly, Plaintiff fails to state a cognizable First Amendment claim.

#### B. Sixth Amendment

The Sixth Amendment protects, *inter alia*, the right to trial, to counsel, and to confront one's accusers during a criminal trial. U.S. Const. amend. VI. There are no issues involved in this action that would implicate these rights. Accordingly, Plaintiff fails to state a cognizable Sixth Amendment claim.

#### C. Fourteenth Amendment

The Fourteenth Amendment contains the Due Process Clause and the Equal Protection Clause. However, protections for federal due process derive from the Fifth Amendment, not the Fourteenth Amendment. Thus, there are no applicable Fourteenth Amendment claims.

#### D. Eighth Amendment

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, Plaintiff must allege facts sufficient to support a claim that officials

---

[2] For tortious conduct by the federal government, plaintiffs file claims pursuant to the Federal Tort Claims Act ("FTCA"). 28 U.S.C. § 2674. A suit may not be instituted against the United States under the FTCA unless the claim is first presented to the appropriate federal agency and one of the following conditions is met: the claim is finally denied, or six months have passed without a final resolution having been made. 28 U.S.C. § 2675(a). The claim presentation requirement is a jurisdictional prerequisite to bringing suit and must be affirmatively alleged in the complaint. *Gillispie v. Civiletti*, 629 F.2d 637, 640 (9th Cir. 1980).

knew of and disregarded a substantial risk of serious harm to him. *E.g.*, *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). Mere negligence on the part of the official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. *Farmer*, 511 U.S. at 835; *Frost*, 152 F.3d at 1128.

Plaintiff alleges that he made numerous complaints via the administrative grievance process to Defendants Wringley, Alder, Andrews, Wofford, Rucker, Watts, Odeluga, and various Does. Mere action taken in the administrative grievance process, without more, does not state a cognizable Eighth Amendment claim. The allegations fail to indicate that any Defendants disregarded a substantial risk of serious harm to Plaintiff. Plaintiff's allegations of negligence also fail to state an Eighth Amendment claim. Plaintiff will be provided leave to file an amended complaint to cure the deficiencies identified.[3]

## IV. Conclusion and Order

Plaintiff's complaint fails to state any claims against any Defendants under *Bivens*. The Court will provide Plaintiff with an opportunity to file a first amended complaint curing the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *Iqbal*, 129 S. Ct. at 1949. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567

---

[3] Plaintiff also mentions a violation of § 504 of the Rehabilitation Act of 1973. 29 U.S.C. § 794(a). There is no waiver of federal sovereign immunity for an award of damages against a federal agency under § 504(a) unless the agency is acting as a "federal provider of financial assistance." *See Lane v. Pena*, 518 U.S. 187, 193 (1996) (quoting Rehabilitation Act § 505(a)(2), 29 U.S.C. § 794a(a)(2)). The Bureau of Prisons, which operates TCI, is not such a provider in this action.

(9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," L. R. 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567 (citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state any claims under *Bivens*;
2. The Clerk's Office shall send Plaintiff a *Bivens* complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified herein; and
4. If Plaintiff fails to respond within **thirty (30) days**, the Court will dismiss this action for failure to obey a court order and failure to state a claim.

IT IS SO ORDERED.

Dated:   **September 1, 2010**                    **/s/ Dennis L. Beck**
                                                  UNITED STATES MAGISTRATE JUDGE