# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY B. THOMAS,<br><br>    Plaintiff,<br><br>  v.<br><br>WARDEN ANDREWS, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:09-CV-01593-DLB PC<br><br>ORDER STRIKING UNSIGNED AMENDED COMPLAINT (DOC. 31)<br><br>ORDER DIRECTING CLERK OF THE COURT TO SEND PLAINTIFF COPY OF AMENDED COMPLAINT FOR SIGNING<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE (DOC. 21)<br><br>ORDER STRIKING MOTION TO STAY AS UNSIGNED (DOC. 22)<br><br>ORDER DISREGARDING MOTION TO DISMISS FEDERAL DEFENDANTS (DOC. 26) |

    Plaintiff Rodney B. Thomas ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), which provides a remedy for civil rights violations by federal actors. Pending before the Court are 1) Plaintiff's motion for appointment of counsel, filed June 30, 2010; 2) Plaintiff's motion to stay, filed July 23, 2010; and 3) Plaintiff's motion to dismiss federal defendants. The Court however will first address Plaintiff's amended complaint, filed October 25, 2010.

**I.    <u>Unsigned Amended Complaint</u>**

    Plaintiff's amended complaint, filed October 25, 2010, is unsigned. Doc. 31. The Court cannot consider unsigned filings. Fed. R. Civ. P. 11(a). Accordingly, the Court will strike

Plaintiff's amended complaint.  The Court will direct the Clerk of the Court to send Plaintiff a copy of his amended complaint for him to sign.  Plaintiff will be granted thirty days in which to return his signed amended complaint.

## II.     Motion For Appointment Of Counsel

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved."  *Id.* (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances.  Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  At this early stage in the proceedings, the court cannot make a determination that plaintiff is likely to succeed on the merits.  *Id.*  There is also no proper complaint before the Court, as Plaintiff's amended complaint is unsigned.

For the foregoing reasons, the Court will deny Plaintiff's motion, without prejudice.

## III.    Motion To Stay

On July 23, 2010, Plaintiff filed a motion requesting a stay of the action while Plaintiff is being transferred.  Doc. 22.  Plaintiff contends that he is blind and requires assistance in reading and writing.  However, this motion is unsigned.  As stated previously, the Court cannot consider unsigned filings. Fed. R. Civ. P. 11(a).  Additionally, Plaintiff's motion is now moot, as Plaintiff has subsequently filed several documents with the Court.  Accordingly, the Court will strike

1 Plaintiff's motion to stay.

**IV.     Motion To Dismiss Federal Defendants**

On September 20, 2010, Plaintiff filed a motion to dismiss federal defendants from this action. Plaintiff's amended complaint names several prison officials at Taft Correctional Institution, which is a privately-owned facility that contracts with the federal government. Plaintiff requests dismissal of the United States and all its employees and agencies. However, the United States has not appeared in this action. Thus, Plaintiff's motion will be disregarded.

**V.      Conclusion And Order**

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's amended complaint, filed October 25, 2010, is STRICKEN as unsigned;

2. The Clerk of the Court is directed to send Plaintiff a copy of his amended complaint for signing and return;

3. Plaintiff is to file his signed amended complaint within thirty (30) days from the date of service of this order. Failure to comply with this deadline may result in dismissal of this action;

4. Plaintiff's motion for appointment of counsel, filed June 30, 2010, is DENIED without prejudice;

5. Plaintiff's motion to stay, filed July 23, 2010, is STRICKEN as unsigned; and

6. Plaintiff's motion to dismiss federal defendants, filed September 20, 2010, is DISREGARDED.

IT IS SO ORDERED.

Dated:   **March 2, 2011**                    **/s/ Dennis L. Beck**
                                              UNITED STATES MAGISTRATE JUDGE